IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

ALABAMA ENVIRONMENTAL           )
COUNCIL, et al.,                          )   Petition No. 08-16961
                                                  )
        Petitioners,                        )
                                                  )
    v.                                          )
                                                  )
UNITED STATES ENVIRONMENTAL   )
PROTECTION AGENCY, et al.,          )
                                                  )
        Respondents.                      )
_____ )
                                                  )
ALABAMA POWER COMPANY,     )
                                                  )
        Petitioner,                          )   Petition No. 11-11549
                                                  )
    v.                                          )
                                                  )
UNITED STATES ENVIRONMENTAL   )
PROTECTION AGENCY, et al.,          )
                                                  )
                                                  )
        Respondents.                      )
_____ )

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

JUL 11 2011

JOHN LEY
CLERK

**EPA'S OPPOSITION TO**
**MOTION FOR LEAVE TO FILE AMICUS BRIEF**

Alabama Environmental Council v. EPA, Pet. No. 08-16961
Alabama Power Co. v. EPA, Pet. No. 11-11549

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Eleventh Circuit Rule 26.1-1, to the best of undersigned

counsel's knowledge, undersigned counsel hereby certifies that the certificate of

interested persons submitted by the Utility Air Regulatory Group on or about June

27, 2011, is complete (with the exception of one scrivener's error, and that is Vera

S. Kornylak is counsel for the respondent not counsel for Alabama Power as the

certificate states).

Dated:  07/11/2011                    ___/s/ Andrew J. Doyle___ *AJD by Vera Kornylak EPA Region 4 Attorney*
                                       ANDREW J. DOYLE, Attorney
                                       United States Department of Justice
                                       Environment & Natural Resources Division

C-1 of 1

In this consolidated case, Alabama Power Company ("Alabama Power"), the Alabama Department of Environmental Management ("ADEM"), and the Tennessee Valley Authority ("TVA") challenge a decision of the United States Environmental Protection Agency ("EPA") under the Clean Air Act, 42 U.S.C. §§ 7401-7671q, disapproving ADEM's request to alter a federally-enforceable state rule concerning visible emissions. 76 Fed. Reg. 18,870 (Apr. 6, 2011).[1] EPA's disapproval superseded an earlier action approving the request, 73 Fed. Reg. 60,957 (Oct. 15, 2008), a decision which Alabama Environmental Council and other parties challenge. On or about June 20, 2011, Alabama Power, ADEM, and TVA filed their principal briefs.

Presently before the Court is a motion filed by the Utility Air Regulatory Group ("UARG"), on or about June 28, 2011, in which it seeks leave to file an amicus brief in support of Alabama Power. UARG did not consult EPA before filing its motion, and EPA hereby opposes it.

---

[1] Visible emissions are those that can be seen coming out of a smokestack or other emission point and are measured by their opacity. "Opacity . . . is a measure of the light-blocking property of a plant's emissions, which is important in the Clean Air Act regulatory scheme as an indicator of the amount of visible particulate pollution being discharged by a source." Sierra Club v. TVA, 430 F.3d 1337, 1341 (11th Cir. 2005). Opacity can also show that particulate control devices may not be working properly. 76 Fed. Reg. at 18,872.

- 1 -

Under Rule 29 of the Federal Rules of Appellate Procedure, courts have considerable discretion to grant or deny a motion to file an amicus brief. See, e.g., Voices for Choices v. Illinois Bell Tel. Co., 339 F.3d 542, 544 (7th Cir. 2003) ("whether to allow the filing of an amicus curiae brief is a matter of judicial grace") (citation and internal quotation marks omitted).  Under Rule 29, UARG bears the burden to explain "why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(b)(2). UARG has failed to meet that burden here.

UARG asserts that it has a "unique understanding of how the development, submission, and approval (and disapproval) of [State Implementation Plans ("SIPs")] and SIP revisions is intended to work, and has worked, under 42 U.S.C. § 7410." Mot. ¶ 5.  However, there does not appear to be anything unique about UARG's understanding of that provision of the Clean Air Act.  UARG describes itself as "a non-profit, unincorporated trade association of electric utilities located throughout the country . . . ." Mot. ¶ 1.  Alabama Power is a wholly-owned subsidiary of Southern Company, which "participate[s] in or serve[s] on" UARG. http://www.southerncompany.com/aboutus/legislative.aspx (last visited July 8,

2011).[2] In fact, both Southern Company and Alabama Power have been listed as members of UARG. <u>See</u> Comments of UARG submitted to EPA on National Ambient Air Quality Standards for Particulate Matter (Apr. 17, 2006), at 1 & Attach. 1 [Ex. 1 hereto]. Because there does not appear to be any daylight between UARG's and Alabama Power's understanding of a Clean Air Act merits issue in this case, UARG has failed to demonstrate the desirability of it being allowed it to file an amicus brief. <u>See Ryan v. Commodity Futures Trading Comm'n</u>, 125 F.3d 1062, 1063 (7th Cir. 1997) (Posner, C.J., in chambers).[3]

---

[2] <u>See also</u> http://www.alabamapower.com/about/about.asp ("Alabama Power . . . is one of four U.S. utilities operated by Southern Company, one of the nation's largest producers of electricity.") (last visited July 8, 2011); http://www.alabama power.com/financial/pdf/APC2010ANNUALREPORTFORWEB.pdf (annual report stating that Alabama Power is a wholly-owned subsidiary of Southern Company) (last visited July 11, 2011).

[3] More fully, Judge Posner wrote:

> An amicus brief should normally be allowed when a party is not represented competently or not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case . . . , or when the amicus has unique information or perspective that can help the court move beyond the help that the lawyers for the parties are able to provide.

125 F.3d at 1063 (citing <u>Miller-Wohl Co. v. Commisioner of Labor & Indust.</u>, 694 F.2d 203 (9th Cir. 1982)). "Otherwise," Judge Posner continued, "leave to file an amicus curiae brief should be denied." <u>Id.</u> (citing <u>Northern Securities Co. v. United States</u>, 191 U.S. 555, 556 (1903) (Fuller, C.J., in chambers)).

- 3 -

Moreover, because Alabama Power is a member of and aligned with UARG, granting UARG's motion would "in effect merely extend[] the length of the litigant's brief." Ryan, 125 F.3d at 1063 ("The vast majority of amicus curiae briefs are filed by allies of litigants and duplicate the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief. Such amicus briefs should not be allowed.").

Confirming the soundness of denying UARG's motion is the fact that there is no shortage of briefs supporting Alabama Power in this case. ADEM and TVA have already filed briefs, and Alabama Power will have the opportunity to file a second brief of its own after EPA files its brief. It is highly unlikely that yet another brief challenging EPA's disapproval action will assist the Court. As Judge Posner has explained:

> In an era of heavy judicial caseloads and public impatience with the delays and expenses of litigation, we judges should be assiduous to bar the gates to amicus curiae briefs that fail to present convincing reasons why the parties' briefs do not give us all the help we need for deciding the appeal.

Ryan, 125 F.3d at 1064. The same concerns apply here.

                              *     *     *

The Court should deny the "Motion of the Utility Air Regulatory Group for Leave to File Brief *Amicus Curiae* in Support of Petitioner Alabama Power

- 4 -

Company and Supporting Vacatur in No. 11-11549-BB."

Respectfully submitted,

Dated: 07/11/2011

IGNACIA S. MORENO
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

__/s/_ Andrew J. Doyle____ *AJD by Vera Kornylak EPA Region 4 attorney*
ANDREW J. DOYLE
Attorney
P.O. Box 23986
Washington, D.C.  20026-3986
tel: 202.514.4427
fax: 202.514.8865
andrew.doyle@usdoj.gov

OF COUNSEL:

DAVID P.W. ORLIN
GEOFFREY L. WILCOX
United States Environmental Protection Agency
Office of General Counsel
Washington, D.C.

KERI N. POWELL
United States Environmental Protection Agency
Region 4
Office of Regional Counsel
Atlanta, Georgia

Attorneys for Respondents

- 5 -

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

| | |
|---|---|
| ALABAMA ENVIRONMENTAL COUNCIL, et al., ) ) ) ) | Petition No. 08-16961 |
| Petitioners, ) ) | |
| v. ) ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., ) ) ) ) | |
| Respondents. ) ) | |
| ALABAMA POWER COMPANY, ) ) ) | Petition No. 11-11549 |
| Petitioner, ) ) | |
| v. ) ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al., ) ) ) | |
| Respondents. ) ) | |

**EXHIBIT 1:** Comments of UARG submitted to EPA on National Ambient Air Quality Standards for Particulate Matter (Apr. 17, 2006) (excerpts)

# UNITED STATES
# ENVIRONMENTAL PROTECTION AGENCY

## COMMENTS OF THE UTILITY AIR REGULATORY GROUP

on

## NATIONAL AMBIENT AIR QUALITY STANDARDS FOR PARTICULATE MATTER; PROPOSED RULE

### 71 Fed. Reg. 2620 (January 17, 2006)
### (Docket No. EPA-HQ-OAR-2001-0017)

and

## REVISIONS TO AMBIENT AIR MONITORING REQUIREMENTS

### 71 Fed. Reg. 2710 (January 17, 2006)
### (Docket No. EPA-HQ-OAR-2004-0018)

HUNTON & WILLIAMS

Lucinda Minton Langworthy
1900 K Street, N.W.
Suite 1200
Washington, D.C. 20006
(202) 955-1500

Counsel for the Utility Air
Regulatory Group

April 17, 2006

**COMMENTS OF THE UTILITY AIR REGULATORY GROUP**
**on**
**NATIONAL AMBIENT AIR QUALITY STANDARDS FOR PARTICULATE MATTER;**
**PROPOSED RULE**
**71 Fed. Reg. 2620 (January 17, 2006) (Docket No. EPA-HQ-OAR-2001-0017)**
**and**
**REVISIONS TO AMBIENT AIR MONITORING REQUIREMENTS**
**71 Fed. Reg. 2710 (January 17, 2006) (Docket No. EPA-HQ-OAR-2004-0018)**

I.    **Executive Summary**

The Utility Air Regulatory Group ("UARG") is a voluntary, nonprofit group of
electric generating companies and organizations and four national trade associations
(the Edison Electric Institute, the National Rural Electric Cooperative Association, the
American Public Power Association, and the National Mining Association). UARG's
purpose is to participate on behalf of its members collectively in rulemakings by the U.S.
Environmental Protection Agency ("EPA" or "Agency") and other Clean Air Act ("CAA" or
"Act") proceedings that affect the interests of electric generators, and in related
litigation. A list of UARG members joining in these comments is Attachment 1 to these
comments.

UARG has a substantial interest in the national ambient air quality standards
("NAAQS" or "standards") for particulate matter ("PM"). Electric generating companies,
including UARG members, and their customers are expected to bear most of the burden
of implementation of the current PM standards. In fact, EPA has established an
interstate program for reducing emissions from electric generating units substantially

**Attachment 1**

## Utility Air Regulatory Group

Appalachian Power Company
Carolina Power & Light Company
Central Illinois Public Service Company
Central Power and Light Company
CINergy Corp.
      The Cincinnati Gas & Electric Company
      PSI Energy
Columbus Southern Power Company
Constellation Power Source Generation, Inc.
Consumers Energy Company
Dayton Power and Light Company, The
DTE Energy
Dominion Energy
      Dominion Generation
      Dominion Virginia Power
      Dominion North Carolina Power
Duke Energy Corporation
Dynegy Marketing and Trade
E.ON U.S. LLC
      LG&E Energy Corp.
      Kentucky Utilities Company
      Louisville Gas & Electric Company
      Western Kentucky Energy
FirstEnergy Corp.
Florida Power Corporation
Indiana Michigan Power Company
Kansas City Power & Light Company
Kentucky Power Company
Los Angeles Department of Water & Power
Madison Gas and Electric Company
Minnesota Power/ALLETE
Mirant Corporation
Monongahela Power Company,
      dba Allegheny Power
NiSource, Inc.
Oglethorpe Power Corporation
Ohio Power Company
Ohio Valley Electric Corporation
Otter Tail Power Company
PacifiCorp Electric Operations
Potomac Edison Company, The

dba Allegheny Power
Public Service Company of New Mexico
Public Service Company of Oklahoma
Salt River Project
South Carolina Electric & Gas Company
Southern Company
    Alabama Power Company
    Georgia Power Company
    Gulf Power Company
    Mississippi Power Company
    Savannah Electric and Power Company
Southwestern Electric Power Company
Texas Utilities
Tucson Electric Power Company
Union Electric Company
West Penn Power Company,
    dba Allegheny Power
West Texas Utilities Company
We Energies

and

Edison Electric Institute
National Rural Electric Cooperative Association
American Public Power Association
National Mining Association

## CERTIFICATE OF SERVICE

I hereby certify that on this 11st day of July, 2011, I caused a true and

correct copy of the forgoing **EPA'S OPPOSITION TO MOTION FOR LEAVE**

**TO FILE AMICUS BRIEF** to be served by first class U.S. mail, postage pre-

paid, on the following counsel of record for the parties:

P. Stephen Gidiere III
Balch & Bingham LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, AL 35203

George E. Hays
236 West Portal Avenue #110
San Francisco, CA 94127

William J. Moore, III
Attorney at Law
1648 Osceola Street
Jacksonville, FL 32204-4302

David A. Ludder
9150 McDougal Court
Tallahassee, FL 32312-4208

Michael A. Costa
Our Children's Earth Foundation
3848 Sacramento Street #194
San Francisco, CA 94118-1654

Harriet A. Cooper
Tennessee Valley Authority
400 West Summit Hill Drive #WT-6A
Knoxville, TN 37902-1401

Steven Shawn Sibley
ADEM
1400 Coliseum Boulevard
Montgomery, AL 36110-2400

In addition, on this same date, I caused a true and correct copy of the same

document to be served by first class U.S. mail, postage prepaid, on the following

counsel for a party that has moved to file an amicus brief:

Lauren E. Freeman
Hunton & Williams LLP
1900 K Street, NW
Washington, DC 20006

Dated: 07/11/2011                    __/s/ Andrew J. Doyle _AJD_ by Vera Kornylak
                                     ANDREW J. DOYLE, Attorney  EPA Region 4
                                                                Attorney
                                     United States Department of Justice
                                     Environment & Natural Resources Division